IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| YASMINE JACKSON, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION FILE |
| | : | |
| | : | NO._____ |
| TRANS UNION LLC; | : | |
| | : | |
| EXPERIAN INFORMATION | : | |
| SOLUTIONS, INC.; | : | JURY TRIAL DEMANDED |
| | : | |
| EQUIFAX INFORMATION | : | |
| SERVICES, LLC; | : | |
| | : | |
| DFS SERVICES, LLC formerly d/b/a | : | |
| "Discover Financial Services, LLC; | : | |
| | : | |
| CAPITAL ONE BANK (USA), N.A., | : | |
| | : | |
| HEALTHCARE REVENUE RECOVERY | : | |
| GROUP, LLC sometimes d/b/a ARS | : | |
| ACCOUNT RESOLUTION; | : | |
| | : | |
| GULF COAST COLLECTION BUREAU, | : | |
| INC.; | : | |
| | : | |
| FAIR COLLECTIONS & | : | |
| OUTSOURCING, INC.; | : | |
| | : | |
| NISSAN MOTOR ACCEPTANCE CORP., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

1

## PLAINTIFF'S FIRST AMENDED
## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.   Plaintiff Yasmine Jackson ("Plaintiff") brings this action for damages against the defendants pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (hereinafter "FCRA").

### SUBJECT MATTER JURISDICTION

2.   Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p.

3.   Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### PARTIES AND PERSONAL JURISDICTION

4.   Plaintiff is a resident of this State, District and Division and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

5.   Defendant Trans Union LLC ("Trans Union") is a foreign Limited Liability Company that regularly conducts substantial business in the State of Georgia, and which has principal places of business in Chicago, Illinois and Crum Lynne, Pennsylvania.

**6.** Trans Union may be served by personal service upon its registered agent in the State of Georgia: The Prentice-Hall Corporation System, Inc., 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

**7.** Trans Union is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**8.** Defendant Experian Information Solutions, Inc. (hereafter "Experian") is an Ohio Corporation that regularly conducts substantial business in the State of Georgia, and which has principal places of business in Costa Mesa, California and Allen, Texas.

**9.** Experian may be served by personal service upon its registered agent in the State of Georgia: C T Corporation System, 1201 Peachtree Street, N.E., Atlanta, GA 30361.

**10.** Experian is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**11.** Defendant Equifax Information Services, LLC ("Equifax") is a Limited Liability Company that regularly conducts substantial business in the State of Georgia, and which has its principal place of business in Atlanta, Georgia.

12. Equifax may be served by personal service upon its registered agent in the State of Georgia: Dean C. Arvidson, 1550 Peachtree Street, N.W., Atlanta, GA 30309.

13. Equifax is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

14. Defendant DFS Services, LLC ("DISCOVER") formerly did business as Discover Financial Services, LLC and is a foreign Limited Liability Company that regularly conducts substantial business in the State of Georgia, and which has its principal place of business in Riverwoods, Illinois.

15. DISCOVER may be served by personal service upon its registered agent in the State of Georgia: CT Corporation, 1201 Peachtree Street, Atlanta, GA 30361.

16. DISCOVER is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1682s-2.

17. Capital One Bank (USA) National Association (hereinafter "CAP ONE") is a subsidiary of Capital One Financial Corporation and is a federally-chartered banking institution with its principal place of business in Glen Allen, Virginia.

4

18.  CAP ONE may be served through its registered agent, Corporation Service Company, 11 South 12th Street, Richmond, Virginia 23218.

19.  CAP ONE is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1682s-2.

20.  Defendant Healthcare Revenue Recovery Group, LLC is the parent company of ARS Account Resolution Services ("HRRG/ARS") and is a Florida Limited Liability Company that regularly conducts substantial business in the State of Georgia, and which has its principal place of business at 1643 N. Harrison Parkway, Building H, Suite 100, Sunrise, Florida  33323.

21.  HRRG/ARS may be served by personal service upon its registered agent in the State of Georgia:  Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, GA  30092.

22.  HRRG/ARG is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1682s-2.

23.  Defendant FAIR COLLECTIONS & OUTSOURCING, INC. ("FCO") is a Maryland Corporation that regularly conducts substantial business in the State of Georgia, and which has its principal place of business at 12304 Baltimore Avenue, Suite E, Beltsville, MD  20705.

24.  FCO may be served by personal service on one of its managers or other authorized agent at is principal place of business in Maryland.

25.  FCO may also be served by personal service upon its registered agent in the State of Florida, to wit:  CORPORATION SERVICE COMPANY, 1201 Hays Street, Tallahassee, Florida  32301-2525.

26.  FCO  is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1682s-2.

27.  Defendant Gulf Coast Collection Bureau, Inc. ("GULF COAST") is a Florida Corporation that regularly conducts substantial business in the State of Georgia, and which has its principal place of business at 5630 Marquesas Circle, Sarasota, FL 34233.

28.  GULF COAST may be served by personal service on one of its managers or other authorized agent at is principal place of business in Florida.

29.  GULF COAST may also be served by personal service upon its registered agent in the State of Florida, to wit:  Jack W. Brown III, at 5630 Marquesas Circle, Sarasota, Florida 34233.

30.  GULF COAST is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1682s-2.

6

31.   Alternatively, all defendants may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the several states including but not limited to Georgia.

32.   Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

33.   NISSAN MOTOR ACCEPTANCE CORPORATION (hereinafter "NISSAN") is a California Corporation conducting substantial business in the State of Georgia, with a principal place of business in Tennessee.

34.   NISSAN may be served by personal service upon any authorized agent or officer at its registered agent in Georgia, to wit: Lexisnexis Document Solutions, Inc., 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

35.   NISSAN is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1682s-2.

## FACTUAL ALLEGATIONS GENERALLY

36.   In or around the year 2000, while plaintiff was a teenager, her mother used her information to obtain credit.

37.     The use of her identity by mother was without her permission or knowledge at the time of application to each such creditor by the family member.

38.     Included in the accounts opened by her mother were utility and credit card accounts.

39.     Her mother initially kept some of the accounts current, some for several years, before defaulting.

40.     The plaintiff became aware of the problem several years after the fact but was told by her mother she would try to pay them off and Plaintiff had no interest in prosecuting her own family member.

41.     In the years subsequent to this impermissible use of her identity, Plaintiff has received numerous collection calls and letters relating to these fraudulently opened accounts by her mother.

42.     Plaintiff was advised she would have to prosecute the family member by one or more creditors to remove the account in an effort to preserve her own credit.

43.     To avoid this, she vainly tried to keep some of the accounts current and to bring other of the accounts out of default but was unable to do so.

44.     Plaintiff suffered another instance of identity theft when at some point prior to 2010 she stayed with a friend for several months, and her friend obtained

her identification and social security number without her knowledge or permission and used her identity to open numerous credit accounts without her knowledge or permission.

45.    Plaintiff's friend has subsequently admitted that she used Plaintiff's identification to obtain credit in her name and has apologized.

46.    Some of the accounts opened were opened in variants of Plaintiff's true and legal name including but not limited to Jasmine Jackson (incorrect first name) and Yasmine Joniece Jackson (Incorrect Middle name.)

47.    Plaintiff has never used the names of Jasmine Jackson or Yasmine Joniece Jackson in a credit application or at any time during her life.

48.    Many of the accounts were opened at addresses in which Plaintiff never lived.

49.    Many years after the identity theft by her friend, Plaintiff attempted to clear her name.

50.    Plaintiff was advised by numerous sources that she must file a police report, so she filed an identity theft report advising of the identity theft with the City of Snellville Police department in an effort to start her journey to resolving the credit items that were not hers.

51.   Plaintiff has disputed, on multiple occasions, a large amount of inaccurate
      personal information, inquiries and account information on her credit reports
      with each of the named credit reporting agencies.

52.   Plaintiff has supplied the identity theft police report to each of the credit
      reporting agency defendants, including Trans Union, Experian and Equifax.

53.   Plaintiff has supplied the identity theft police report to many of the other
      named credit furnisher defendants.

54.   Each of the above named credit furnishers have reaffirmed inaccurate
      information to the credit reporting agencies in response to notices of
      Plaintiff's disputes from those agencies.

## FACTUAL ALLEGATIONS AS TO DISCOVER

55.   On or about May 18, 2001, while Plaintiff was a teenager, a Discovery
      Financial Services, LLC account (hereinafter the "Discover Account") was
      opened in the name of Plaintiff by her mother without her authorization.

56.   Plaintiff has notified each of the defendant credit reporting agencies that this
      Discover Account beginning in 6011- was opened as the product of identity
      theft.

57.   Trans Union, Equifax and Experian notified DISCOVER of Plaintiff's
      disputes.

58.    In response to one or more of the notices of disputes, DISCOVER did not tell Trans Union, Equifax or Experian to delete the DISCOVER Account from Plaintiff's credit report.

59.    Plaintiff received results of her disputes of the DISCOVER account from one or more of the credit reporting agencies, which notified Plaintiff that the DISCOVER Account would remain on her credit report.

### FACTUAL ALLEGATIONS AS TO CAP ONE

60.    On or about December 8, 2001, a Capital One Bank (USA), N.A. account (hereinafter the "Cap One Account") was opened in the name of Plaintiff by her mother without her authorization.

61.    Plaintiff has notified each of the defendant credit reporting agencies that this account beginning in 4106- was opened as the product of identity theft.

62.    Trans Union, Equifax and Experian notified CAP ONE of Plaintiff's disputes.

63.    In response to one or more of the notices of disputes, CAP ONE did not tell Trans Union, Equifax or Experian  to delete the CAP ONE Account from Plaintiff's credit report.

64.  Plaintiff received results of her disputes of the CAP ONE account from one or more of the credit reporting agencies, which notified Plaintiff that the CAP ONE Account would remain on her credit report.

## FACUTAL ALLEGATIONS AS TO HRRG/ARS

65.  In or about November of 2012, defendant HRRG/ARS began reporting a medical collection item on Plaintiff's credit report for a creditor identified as "Inphynet South Broward, Inc.".

66.  Plaintiff has never received medical services in Florida.

67.  Plaintiff notified one or more of the defendant Credit Reporting Agencies that its reporting of the medical account in the HRRG/ARG trade line was inaccurate.

68.  One or more CRA notified HRRG/ARG of Plaintiff's disputes.

69.  In response to one or more of the notices of disputes, HRRG/ARS did not tell any of the CRAs to delete the HRRG/ARS account from Plaintiff's credit report.

70.  Plaintiff received results from her disputes of the HRRG/ARS account from one or more of the credit reporting agencies, which notified Plaintiff that the HRRG/ARS account would remain on her credit report.

## FACUTAL ALLEGATIONS AS TO GULF COAST

71.   In or about November of 2013, defendant GULF COAST began reporting a medical collection item on Plaintiff's credit reports for a creditor identified as "FL United Radiology Aventura.".

72.   Plaintiff has never received medical services in Florida.

73.   Plaintiff notified one or more of the defendant Credit Reporting Agencies that its reporting of the medical account in the GULF COAST trade line was inaccurate.

74.   One or more Credit Reporting Agencies notified GULF COAST of Plaintiff's disputes.

75.   In response to one or more of the notices of disputes, GULF COAST did not tell the credit reporting agencies to delete the GULF COAST accounts from Plaintiff's credit report.

76.   Plaintiff received results from her disputes of the GULF COAST account from one or more of the credit reporting agencies, which notified Plaintiff that the GULF COAST account would remain on her credit report.

## FACUTAL ALLEGATIONS AS TO FCO

77.   In or about January of 2009, FCO was assigned a debt relating to "AMLI Perimeter Gardens".

13

78.    FCO reported this debt on Plaintiff's credit reports.

79.    Plaintiff notified one or more of the defendant Credit Reporting Agencies
       that its reporting of the apartment related debt in the FCO trade line was
       inaccurate.

80.    One or more Credit Reporting Agencies notified FCO of Plaintiff's disputes.

81.    In response to one or more of the notices of disputes, FCO did not tell the
       credit reporting agencies to delete the FCO account from Plaintiff's credit
       report.

82.    Plaintiff received results from her disputes of the FCO account from one or
       more of the credit reporting agencies, which notified Plaintiff that the FCO
       account would remain on her credit report.

## FACTUAL ALLEGATIONS AS TO NISSAN

83.    On or about November 16, 2006, a Nissan Motor Acceptance Corporation
       Simple Interest Retail Installment Contract (hereinafter the "NISSAN
       Account")  was opened in the name of Plaintiff by her mother without her
       authorization.

84.    Plaintiff has notified each of the defendant credit reporting agencies that this
       account beginning in 9010- was opened as the product of identity theft.

85.    Trans Union, Equifax and Experian notified NISSAN of Plaintiff's disputes.

14

86.   In response to one or more of the notices of disputes, NISSAN did not tell
      Trans Union, Equifax or Experian  to delete the NISSAN account from
      Plaintiff's credit report.

87.   Plaintiff received results of her disputes of the NISSAN account from one or
      more of the credit reporting agencies, which notified Plaintiff that the
      NISSAN Account would remain on her credit report.

88.   NISSAN sent plaintiff a letter dated December 26, 2013 treating her dispute
      of the aforementioned Account as being frivolous.

## FIRST CLAIM FOR RELIEF

(against Trans Union)

(Negligent Noncompliance with FCRA)

89.   Plaintiff realleges and incorporates paragraphs 1 through 82.

90.   Trans Union negligently failed to comply with the requirements of the
      FCRA.

91.   As a result of Trans Union's failure to comply with the requirements of the
      FCRA, Plaintiff has suffered and continues to suffer, actual damages,
      including economic loss, denial of credit, lost opportunity to receive credit,
      damage to reputation, invasion of privacy, emotional distress and

interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

92. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

(against Trans Union)

(Willful Noncompliance with FCRA)

93. Plaintiff realleges and incorporates paragraphs 1 through 82.

94. Trans Union willfully failed to comply with the requirements of the FCRA.

95. As a result of Trans Union's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

96. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF

(against Experian)

(Negligent Noncompliance with FCRA)

97.  Plaintiff realleges and incorporates paragraphs 1 through 82.

98.  Experian negligently failed to comply with the requirements of the FCRA.

99.  As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

100.  Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## FOURTH CLAIM FOR RELIEF

(against Experian)

(Willful Noncompliance with FCRA)

101.  Plaintiff realleges and incorporates paragraphs 1 through 82.

102.  Experian willfully failed to comply with the requirements of the FCRA.

103.  As a result of Experian's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages,

including economic loss, denial of credit, lost opportunity to receive credit,
damage to reputation, invasion of privacy, emotional distress and
interference with Plaintiff's normal and usual activities for which Plaintiff
seeks damages in an amount to be determined by the jury.  Plaintiff also
seeks punitive damages in an amount to be determined by the jury.

**104.** Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF

(against Equifax)

(Negligent Noncompliance with FCRA)

**105.** Plaintiff realleges and incorporates paragraphs 1 through 82.

**106.** Equifax negligently failed to comply with the requirements of the FCRA.

**107.** As a result of Equifax's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages,
including economic loss, denial of credit, lost opportunity to receive credit,
damage to reputation, invasion of privacy, emotional distress and
interference with Plaintiff's normal and usual activities for which Plaintiff
seeks damages in an amount to be determined by the jury.

**108.** Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SIXTH CLAIM FOR RELIEF

(against Equifax)

(Willful Noncompliance with FCRA)

109. Plaintiff realleges and incorporates paragraphs 1 through 82.

110. Equifax willfully failed to comply with the requirements of the FCRA.

111. As a result of Equifax's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

112. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## SEVENTH CLAIM FOR RELIEF

(against Discover)

(Negligent Noncompliance with FCRA)

113. Plaintiff realleges and incorporates paragraphs 1 through 82.

114. DISCOVER negligently failed to comply with the requirements of the FCRA.

115.    As a result of DISCOVER's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages,
including economic loss, denial of credit, lost opportunity to receive credit,
damage to reputation, invasion of privacy, emotional distress and
interference with Plaintiff's normal and usual activities for which Plaintiff
seeks damages in an amount to be determined by the jury.

116.    Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

### EIGHTH CLAIM FOR RELIEF

(against DISCOVER)

(Willful Noncompliance with FCRA)

117.    Plaintiff realleges and incorporates paragraphs 1 through 82.

118.    DISCOVER willfully failed to comply with the requirements of the FCRA.

119.    As a result of DISCOVER's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages,
including economic loss, denial of credit, lost opportunity to receive credit,
damage to reputation, invasion of privacy, emotional distress and
interference with Plaintiff's normal and usual activities for which Plaintiff
seeks damages in an amount to be determined by the jury.  Plaintiff also
seeks punitive damages in an amount to be determined by the jury.

**120.**   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## NINTH CLAIM FOR RELIEF

(against CAP ONE)

(Negligent Noncompliance with FCRA)

**121.**   Plaintiff realleges and incorporates paragraphs 1 through 82.

**122.**   CAP ONE negligently failed to comply with the requirements of the FCRA.

**123.**   As a result of CAP ONE's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

**124.**   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## TENTH CLAIM FOR RELIEF

(against CAP ONE)

(Willful Noncompliance with FCRA)

**125.**   Plaintiff realleges and incorporates paragraphs 1 through 82.

**126.**   CAP ONE willfully failed to comply with the requirements of the FCRA.

127.   As a result of CAP ONE's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages,
including economic loss, denial of credit, lost opportunity to receive credit,
damage to reputation, invasion of privacy, emotional distress and
interference with Plaintiff's normal and usual activities for which Plaintiff
seeks damages in an amount to be determined by the jury.  Plaintiff also
seeks punitive damages in an amount to be determined by the jury.

128.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<u>**ELEVENTH CLAIM FOR RELIEF**</u>

(against HRRG/ARS)

(Negligent Noncompliance with FCRA)

129.   Plaintiff realleges and incorporates paragraphs 1 through 82.

130.   HRRG/ARS negligently failed to comply with the requirements of the
FCRA.

131.   As a result of HRRG/ARS's failure to comply with the requirements of the
FCRA, Plaintiff has suffered and continues to suffer, actual damages,
including economic loss, denial of credit, lost opportunity to receive credit,
damage to reputation, invasion of privacy, emotional distress and

interference with Plaintiff's normal and usual activities for which Plaintiff

seeks damages in an amount to be determined by the jury.

132.    Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## TWELFTH CLAIM FOR RELIEF

### (against HRRG/ARS)

### (Willful Noncompliance with FCRA)

133.    Plaintiff realleges and incorporates paragraphs 1 through 82.

134.    HRRG/ARS willfully failed to comply with the requirements of the FCRA.

135.    As a result of HRRG/ARS's failure to comply with the requirements of the

FCRA, Plaintiff has suffered and continues to suffer, actual damages,

including economic loss, denial of credit, lost opportunity to receive credit,

damage to reputation, invasion of privacy, emotional distress and

interference with Plaintiff's normal and usual activities for which Plaintiff

seeks damages in an amount to be determined by the jury.  Plaintiff also

seeks punitive damages in an amount to be determined by the jury.

136.    Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## THIRTEENTH CLAIM FOR RELIEF

### (against GULF COAST)

### (Negligent Noncompliance with FCRA)

137.    Plaintiff realleges and incorporates paragraphs 1 through 82.

138.    GULF COAST negligently failed to comply with the requirements of the
        FCRA.

139.    As a result of GULF COAST's failure to comply with the requirements of
        the FCRA, Plaintiff has suffered and continues to suffer, actual damages,
        including economic loss, denial of credit, lost opportunity to receive credit,
        damage to reputation, invasion of privacy, emotional distress and
        interference with Plaintiff's normal and usual activities for which Plaintiff
        seeks damages in an amount to be determined by the jury.

140.    Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).


**FOURTEENTH CLAIM FOR RELIEF**

(against GULF COAST)

(Willful Noncompliance with FCRA)

141.    Plaintiff realleges and incorporates paragraphs 1 through 82.

142.    GULF COAST willfully failed to comply with the requirements of the
        FCRA.

143. As a result of GULF COAST's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

144. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## FIFTEENTH CLAIM FOR RELIEF

(against FCO)

(Negligent Noncompliance with FCRA)

145. Plaintiff realleges and incorporates paragraphs 1 through 82.

146. FCO  negligently failed to comply with the requirements of the FCRA.

147. As a result of FCO's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

**148.**   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

<u>**SIXTEENTH CLAIM FOR RELIEF**</u>

(against FCO)

(Willful Noncompliance with FCRA)

**149.**   Plaintiff realleges and incorporates paragraphs 1 through 82.

**150.**   FCO willfully failed to comply with the requirements of the FCRA.

**151.**   As a result of FCO's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**152.**   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

<u>**SEVENTEENTH CLAIM FOR RELIEF**</u>

(against NISSAN)

(Negligent Noncompliance with FCRA)

**153.**   Plaintiff realleges and incorporates paragraphs 1 through 82.

**154.**   NISSAN negligently failed to comply with the requirements of the FCRA.

155.   As a result of NISSAN's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

156.   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## EIGHTEENTH CLAIM FOR RELIEF

### (against NISSAN)

### (Willful Noncompliance with FCRA)

157.   Plaintiff realleges and incorporates paragraphs 1 through 82.

158.   NISSAN willfully failed to comply with the requirements of the FCRA.

159.   As a result of NISSAN's failure to comply with the requirements of the FCRA, Plaintiff has suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.  Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**160.**   Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## JURY TRIAL DEMAND

**161.**    Plaintiff demands a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Sixth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On the Seventh Claim for Relief:</u>

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Eighth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On the Ninth Claim for Relief:</u>

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Tenth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On the Eleventh Claim for Relief:</u>

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Twelfth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On the Thirteenth Claim for Relief:</u>

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Fourteenth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On the Fifteenth Claim for Relief:</u>

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Sixteenth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On the Seventeenth Claim for Relief:</u>

1. Actual damages to be determined by the jury; and

2. Attorney fees.

<u>On the Eighteenth Claim for Relief:</u>

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

<u>On All Claims for Relief:</u>

1. Costs and expenses incurred in the action.

DATED this 9th day of February,  2016.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:    <u>s/ James M. Feagle</u>
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
Cliff R. Dorsen
Georgia Bar No. 149254
cdorsen@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970

Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855

Robert S. Sola, Esq.
Robert S. Sola, P.C.
1500 SW First Avenue. Suite 800
Portland, OR 97201
rssola@msn.com
Telephone: (503) 295-6880

*(Petition for Pro Hac Vice*
*Admission forthcoming)*
***Attorneys for Plaintiff***